**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**CLEMASTINE GREER,**

                          **Plaintiff,**                 **03-CV-0327A(Sr)**

**v.**

**UPSTATE FARMS COOPERATIVE, INC.,**

                          **Defendant.**

---

**REPORT, RECOMMENDATION AND ORDER**

This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions.   Dkt. #16.

Currently before the Court is defendant's motion to dismiss the complaint and amended complaint pursuant to Rules 4(m), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), or, alternatively, to dismiss plaintiff's age discrimination and harassment claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to exhaust administrative remedies.   Dkt. #10, 21.   For the following reasons, it is recommended that defendant's motion be granted in part and denied in part.

**BACKGROUND**

Plaintiff commenced this action *pro se*, using the Court's Discrimination Complaint Form for *Pro Se* Litigants, alleging employment discrimination on the basis of

sex, in violation of Title VII of the Civil Rights Act of 1994 ("Title VII"), as amended, 42 U.S.C. § 2000(e) *et seq,* and age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § § 621 *et. seq.*  Dkt. #1, ¶ 14.  Plaintiff complains of failure to promote, harassment on the basis of sex, and harassment on the basis of unequal terms and conditions of employment.  Dkt. #1, ¶ 13.  Plaintiff did not set forth the facts of her case on the Discrimination Complaint, but did attach a copy of her Charge of Discrimination with the EEOC, filed August 20, 2002, which alleges the following:

> I began working for [defendant] on or about April 16, 1998.  My current and most recent position was as a Cooler Worker/Sender, a position that I had bid on and began training for around April 6, 2002.
>
> Two days after I had completed training, Respondent attempted to disqualify me from the position, allegedly because my production was low.  However, under the union contract I am entitled to a 30 day probationary period.  On or about May 24, 2002, [defendant] removed me from the position, allegedly due to poor performance.  On or about June 26, 2002, I sustained a work related injury and remain on a medical leave of absence.
>
> I believe that I was discriminated against and removed from the sender position, because of my gender, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Dkt. #1.  In response to the question asking what the discrimination was based on, plaintiff checked the boxes for sex and age.  Dkt. #1.  At the time, plaintiff was 45 years old.  Dkt. #1.  Plaintiff also attached a copy of the EEOC's right to sue letter, dated March 19, 2003.  Dkt. #1.

Plaintiff's motion to proceed *in forma pauperis* was denied by the Hon. John T. Elfvin on May 22, 2003. Dkt. #3. Plaintiff paid the filing fee on June 17, 2003. On June 19, 2003, the Clerk of the Court issued a Summons for defendant Upstate Farm and mailed the Summons, along with the Notice Regarding Service of Summons and Complaint With Attached Request for U.S. Marshal Service ("Notice"), to plaintiff. This Notice provides as follows:

> Because you paid the filing fee, it is your responsibility to arrange for service of the summons and complaint upon the defendant(s) . . . . .
>
> You should carefully review Rule 4 of the Federal Rules of Civil Procedure, which governs service of process in civil actions.
>
> If you wish to make arrangements with the United States Marshal to have the Marshals serve your complaint for a fee, you must obtain an order from the judge assigned to your case directing the U.S. Marshal to serve your summons and complaint. Enclosed is a form you may use to request such an order . . . .
>
> If your request is granted and the order is issued, a certified copy of the order will be returned to you. It is then your responsibility to pay the fee to the U.S. Marshal before they serve the complaint . . . . You must also provide the U.S. Marshals with all necessary papers for service . . . .

* * *

*See* http://www.nywd.uscourts.gov/document/Serviceinfoandreq.pdf.

On December 18, 2003, the Hon. John T. Elfvin issued an Order directing plaintiff to show good cause for her failure to effect service of process within the time limits specified by the Fed. R. Civ. P. 4(m). Dkt. #4. Plaintiff responded that she believed she had missed her opportunity to proceed with her case when she failed to

-3-

qualify for *in forma pauperis* status and requested another chance to pursue her case. Dkt. #5. By Order entered January 27, 2004, the Hon. Richard J. Arcara afforded plaintiff an extension of time until March 22, 2004 to serve the summons and complaint and directed the Clerk of the Court to provide plaintiff with another copy of the Notice. Dkt. #6.

Plaintiff filed the Application for Order Directing Service by U.S. Marshal on February 2, 2004. Dkt. #7. The application was granted by Order entered February 4, 2004 providing that

> **Upon receipt of a copy of this order, plaintiff is required to submit the certified copy, marshal forms, summons and complaint to the U.S. Marshal for service upon named defendants.**
>
> Pursuant to Fed. R. Civ. P. 4(c)(2), the U.S. Marshal is hereby directed to collect their fee, and serve the Summons and Complaint upon the named defendants.

Dkt. #8. The defendant was served on March 11, 2004. Dkt. #15.

On March 31, defendant moved to dismiss the complaint pursuant to Fed. R. Civ. P. 4(m), 12(b)(4) and 12(b)(5) on the ground that defendant was served with a Summons and a copy of plaintiff's Charge of Discrimination before the EEOC, but was not served with a copy of plaintiff's complaint. Dkt. #11, ¶ 10 & Exh. E. Alternatively, defendant requested dismissal of the age discrimination and harassment claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to exhaust administrative remedies. Dkt. #11, ¶ 13.

On May 6, 2004, plaintiff submitted a letter in response to defendant's motion stating:

> I thought I had delivered to the marshals office all that I needed to serve Upstate Farms. Looking through the paper work that the lawyer sent me I saw the discrimination complaint papers. I do not know what happen [sic] to my copy or, if when I filed the charges I may not of [sic] asked for a copy of my records. So I thought the sheet with the charge of discrimination was what I needed to serve.

Dkt. #19. On the same date, plaintiff filed an amended complaint, which includes the following factual description of her claim:

> On 5-24-02 I was taken off my bid job. The reason given by Dan Dunn and Frank Sajac was that I could not do my job, that was not true. About two weeks before I took the position, Dan Dunn called a meeting with Fred Smith, Bruce Freidenberg and me. Dan Dunn tried to discourage me from taken [sic] the job. I told him I will take the position. After being on the job only 2 days there were [sic] another meeting to remove me. At that time as a sender (my position) I was sending out about 2,800 cases a night. At this meeting Fran Sajac (supervisor) said I had to send 3,500 cases a night. The requirements do not mention a set amount.
>
> I was returned to the cooler on the sender position for about 2 more weeks where I did come up to the amount they was asking for. On May 24, 02 Dan Dunn had another meeting with me and said basicly [sic] he was relieving me of my position because he could. He told me I can file a grievance and I did.
>
> The sexual harassment as to this position the supervisor Chuck Ross asked to watch me he was everywhere, where I was. Where I work as a sender it is weat [sic] and slipery [sic]. I was bringing a stack of milk to put on the line and step backward, and landed on his foot. I asked him why he was behind me. He told me he was asked to observ [sic] me. I told him I could of [sic] been seriously hurt, the stacks of milks are about 250 lbs. Then I aske [sic] him to observe me at a distance. They have never did this to a male. [sic] I am the only female that works in the plant – production/cooler.

> The Age Charge. When I am walking through the plant I
> would here [sic] some of the mens [sic] tell the supervisor
> that I can't do certain jobs because I am a [sic] older woman.
> When I would ask the supervisors to do certain jobs I would
> get a response, We do not want to waist [sic] our time
> training you and you can't do the job. I heard this a lot.
> From Dan Dun on down the line.

Dkt. #20, ¶ 19. The Amended Complaint claimed sexual harassment as well as sex and age discrimination. Dkt. #20, ¶ 14. In addition to her Charge of Discrimination and Right to Sue Letter, plaintiff also attached a copy of the EEOC's acknowledgment of her Charge of Discrimination pursuant to Title VII and the ADEA, which is dated August 27, 2002. Dkt. #20. Plaintiff served a copy of her amended complaint upon defense counsel by mail. Dkt. #20.

Defendant moved to dismiss the Amended Complaint on the same grounds in its original motion to dismiss. Dkt. #21. In response, plaintiff submitted a letter explaining that

> The reason for the amended Discrimination Complaint is
> that I had left some questions blank on the original one.
>
> Regarding my resignation after returning to work on or about
> March 29, 2004. I found my locker had been cleaned out by
> someone. At the request of the Lab Supervisor. The
> company violated my privacy. They could have wrote me
> and asked me to come get my belongings. Even after my
> belongings was packed up I still did not receive a letter to
> come and pick them up. It was clear to me they had me out
> the door. At that time with less than 3 month's to go where
> the company can take my seniority and or fire me. I am sure
> I would not be able to return to my job. Because as far back
> as Sept 02, I have been trying to come back. Attached you
> will find papers to support my claim. Again they have always
> found light duty for the males wanting to return to work.

Dkt. #25.  The attachment includes a letter from defendant's Human Resource Manager informing plaintiff that

> Given the high degree of restrictions from your most recent medical evaluation, we can not assign any duties within your current restrictions at this time.  Please keep us informed of any change in your restrictions so we can determine if we have a job that will fit into your capabilities.

Dkt. #25.

In reply, defendant argues that plaintiff cannot attempt to assert claims for constructive discharge and/or retaliation because she failed to exhaust her administrative remedies with respect to any such claim and did not include these allegations in her amended complaint despite the fact that her amended complaint was filed subsequent to her resignation.  Dkt. #26, ¶ ¶ 4-5.

## DISCUSSION AND ANALYSIS

Fed. R. Civ. P. 12(b)(5) - Insufficiency of Service of Process

The defendant's concerns regarding service are most appropriately considered pursuant to Fed. R. Civ. P. 12(b)(5).  *See Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986), *rev'd on other grounds*, 487 U.S. 412 (1988) ("Rules 12(b)(4) and (5) . . . were designed to challenge irregularities in the contents of the summons (Rule 12(b)(4)) and irregularities in the manner of delivery of the summons and complaint (Rule 12(b)(5))."

>Fed. R. Civ. P. 4(m) provides as follows:
>
>If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Thus, the Court is required to extend the time for service if good cause is established, but retains discretion to extend the time regardless of the existence of good cause. *See Mused v. United States,* 169 F.R.D. 28, 33 (W.D.N.Y. 1996); *Mejia v. Castle Hotel, Inc.*, 164 F.R.D. 343, 345 (S.D.N.Y. 1996).

Good cause is generally found only in exceptional circumstances where the plaintiff's failure to effect timely service was the result of circumstances beyond her control. *Mused*, 169 F.R.D. at 32. "It is well settled that an attorney's inadvertence, neglect, mistake or misplaced reliance does not suffice to establish good cause for failure to make proper service within 120 days." *Id.; see also Zankel v. United States,* 921 F.2d 432, 436 (2d Cir. 1990) ("[A] judge is certainly not required to treat inadvertence or ignorance of the Rules as 'good cause' . . . ."). "Nor does ignorance of the law constitute good cause for untimely service." *Novak v. National Broadcasting Co., Inc.*, 131 F.R.D. 44, 45-46 (S.D.N.Y. 1990). In the instant case, although plaintiff is not represented by counsel, she was specifically informed that she was "required to submit the . . . summons and complaint to the U.S. Marshal for service upon named defendants." Dkt. #8. Accordingly, her mistaken belief that the EEOC Charge of Discrimination was what needed to be served cannot establish good cause.

In assessing whether to exercise its discretion to extend the deadline for service, courts will consider whether: (1) the statute of limitations would bar the refiled action; (2) the defendant had actual notice that the plaintiff filed a claim; (3) the defendant concealed a defect in attempted service; and (4) the defendant suffered prejudice as a result of plaintiff's delay. *Charles v. New York City Police Dep't,* 1999 WL 717300, at *7 (S.D.N.Y. Sept. 15, 1999). Courts also consider plaintiffs' diligence in attempting to effect service. *Osrecovery, Inc. v. One Group Int'l, Inc.*, 2005 WL 1958359, at *2 (S.D.N.Y. Aug. 15, 2005).

Applying these factors to the instant case, it is recommended that plaintiff be afforded an extension of time to effect proper service. This is not a case where plaintiff could file another action, as the statute of limitations ran in 2003. The defendant was aware of the nature of plaintiff's claims by virtue of plaintiff's Charge of Discrimination before the EEOC and was personally served with a properly executed summons indicating the civil case number assigned to plaintiff's complaint, as well as a copy of the Charge of Discrimination which provided the factual basis for the complaint. Plaintiff responded to the motion to dismiss within the time frame set forth in the court's scheduling order and served defendant's counsel with a copy of her amended complaint by mail. Thus, while plaintiff failed to provide the U.S. Marshal with a copy of the complaint for service upon the defendant, as the statute and this Court's instructions required, this failure is not sufficient to supplant the Court of Appeals' clear preference for resolution of disputes on the merits. *See Mejia*, 164 F.R.D. at 346.

Fed. R. Civ. P. 12(b)(6) - Failure to Exhaust Administrative Remedies

"As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003). However, "claims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency." *Id., quoting, Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (per curiam). "A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Id., quoting Fitzgerald v. Henderson*, 251 F.3d 345, 359-60 (2d Cir. 2001), *cert. denied*, 536 U.S. 922 (2002). "[T]he factual allegations in the EEOC charge, rather than any legal theories stated therein, should be the focus for determining whether a cause of action is reasonably related to the plaintiff's EEOC charge." *Bridges v. Eastman Kodak Co.*, 822 F. Supp. 1020, 1026 (S.D.N.Y. 1993); *see Whitlow v. Visiting Nurse Assoc. of W.N.Y.*, 2005 WL 2126463, at * 7 (W.D.N.Y. Sept. 1, 2005); *Cooper v. Xerox Corp*, 994 F. Supp. 429, 432 (W.D.N.Y. 1998).

In the instant case, the EEOC Charge of Discrimination alleges that defendant attempted to disqualify her from her position as a cooler worker/sender for low production within two days of completion of training despite her entitlement to a 30 day probationary period and that she was removed from this position within seven weeks of the date she began training for this position. Dkt. #1. At the time, plaintiff was

45 years old. Dkt. #1. She specifically checked the boxes for both sex and age discrimination and the EEOC acknowledged plaintiff's Charge of Discrimination pursuant to both Title VII and the ADEA. Dkt. ##1, 20. As the facts alleged could suggest discrimination on the basis of age and/or sex, and the EEOC recognized the charge as alleging both forms of discrimination, plaintiff has exhausted her administrative remedies with respect to both her sex and age discrimination claims.

However, nothing in plaintiff's Charge of Discrimination suggests sexual harassment, which is defined by the EEOC as unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature. *See* 29 C.F.R. § 1604.11(a); *see also Rifkinson v. CBS, Inc.*, 1997 WL 634514, at *3 (S.D.N.Y. Oct. 14, 1997) ("While claims of gender-based sex discrimination, *quid pro quo* sexual harassment, and hostile work environment sexual harassment all come under the umbrella of Title VII, they are conceptually distinct from one another."). Accordingly, it is recommended that plaintiff's cause of action for sexual harassment be dismissed for failure to exhaust administrative remedies before the EEOC. Finally, it is noted that plaintiff's amended complaint does not assert a claim with respect to plaintiff's self-described "resignation" from work. Dkt. #25. Thus, there is no pending cause of action for constructive discharge or retaliation for the Court to consider on this motion.

## CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that:

(1) the defendant's motion to dismiss the complaint for insufficiency of service of process be **DENIED** and that the district judge afford plaintiff 30 days from

his Decision and Order with respect to this Report, Recommendation and Order to request service of plaintiff's amended complaint upon defendant by the U.S. Marshal Service; and that

(2) the defendant's motion to dismiss the complaint for failure to exhaust administrative remedies be **DENIED** with respect to plaintiff's claims of discrimination based upon age and sex and **GRANTED** with respect to plaintiff's claim of discrimination based upon sexual harassment.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to the plaintiff and the attorney for the defendant.

**SO ORDERED.**

DATED:   Buffalo, New York
         September 26, 2005

                                   **S/ H. Kenneth Schroeder, Jr.**
                                   **H. KENNETH SCHROEDER, JR.**
                                   **United States Magistrate Judge**